IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PETER TERENCE RUSS,
    Plaintiff,

vs.                                     Case No.: 5:14cv164/RS/EMT

TAMICE WILLIAMS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case filed pursuant to 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983 is now before the court on Plaintiff's complaint (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).[1]  A claim is plausible on its face where "the plaintiff

---

[1] "The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." Iqbal, 556 U.S. at 696.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, this court concludes that dismissal of Plaintiff's claim is warranted.

Plaintiff sues Tamice Williams, Tonia Williams, Charleston Williams, Nobie Smith, and Peter Russ, Jr., most or all of whom he claims work for either the FBI (Tamice Williams) or an unknown federal agency. These Defendants are alleged to have lived on the same street as Plaintiff, who has since moved, and Plaintiff further appears to allege that all of the Williams Defendants had "moved to other places [Plaintiff] moved to" at two other locations in the past (doc. 1 at 4).

Plaintiff alleges that since 1988 Defendants have been making false reports to law enforcement and mental health officials about him. Included in such reports are false allegations that Defendants are alleged to have made to the Florida Department of Children and Families, from 2010 to the present, concerning Plaintiff and his ex-wife providing inadequate supervision of their children. In response, Plaintiff indicates that he has filed several police reports with the local police units where he has lived, evidently in an effort to quell these false reports.

As his statement of claim, Plaintiff states that the false allegations made by Defendants have violated his constitutional rights because they have maliciously caused him to have to go to family court to defend against these claims. As relief, he requests that Defendants and the unknown agency stop harassing him and his family.

This case is the latest iteration in a series of civil cases that Plaintiff has filed in the past few years, all of which have been dismissed as patently frivolous. *See* Russ v. Federal Bureau of Investigations, Case No. 5:12cv308/MW/EMT (doc. 31, Mar. 28, 2013); Russ v. Unknown Federal Agency, Case No. 5:10cv289/RS/EMT (doc. 20, Jan. 5, 2011); Russ v. Unknown Federal Agency, Case No. 5:11cv3/RS/GRJ (doc. 10, May 19, 2011); and Russ v. Federal Bureau of Investigation,

et al., Case No. 5:12cv21/RS/GRJ (doc. 6, Feb. 16, 2012). All of these previous cases involved essentially the same allegations that either the FBI or some unknown federal agency is harassing him or levying false claims against him and, though Plaintiff may have implicated a federal agency, in all of these previous cases Plaintiff failed to identify a federally recognizable basis for his claims or establish the deprivation of a constitutional right.[2] In at least one of these previous cases, Plaintiff named the same individual Defendants as in the instant action, without a credible allegation that these Defendants acted under color of state or federal law as is required for a civil rights cause of action. *See, e.g.*, United States v. Guest, 383 U.S. 745, 754–55, 86 S. Ct. 1170, 1176 (1966).

The present case is no different from the earlier ones. Frankly, this complaint and its predecessors contain fanciful elements that appear removed from reality. As the Supreme Court has noted, a complaint is legally frivolous when its legal theories are "indisputably meritless," where the claims do not express a legal interest that actually exists, or where the claims describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989); *see also* Iqbal, 556 U.S. at 696; Denton v. Hernandez, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios"); Gallop v. Cheney, 642 F.3d 364, 366, 368–69 (2d Cir. 2011)

---

[2] In a case with similar facts and allegations, the Northern District of Alabama commendably ascertained the legal contours of such a case and its baselessness:

> At the outset, the United States Department of Justice and the FBI are not suable entitles. They are but a department and an agency of the United States, having not separate legal existence from the United States. The United States itself is not suable in this case because of its sovereign immunity. The campaign of harassment plaintiff alleges is not a tort suable under the Federal Torts Claim Act ["FTCA"], 28 U.S.C. § 1346(b), which is limited generally to actions sounding in negligence. The FTCA does not waive the United States' sovereign immunity as to intentional torts, except for abuse of process, assault and battery, false arrest, and malicious prosecution by a "law enforcement" agency. Sheridan v. United States, 487 U.S. 392, 398, 108 S. Ct. 2449, 2454, 101 L. Ed. 2d 352 (1988). Conceding that the FBI is a law enforcement agency, the campaign of harassment described by plaintiff does not fit within the exception, which is narrowly construed. She does not allege that the FBI arrested her, prosecuted her, or assaulted her. Rather, she alleges that they harassed her by following her, watching her, and investigating her. Even if she has alleged that the FBI revealed private information about her to her employer, co-workers, and strangers, this could only amount to invasion of privacy or defamation. Such intentional torts are not suable, even against law enforcement agencies, under the FTCA. *See* O'Ferrell v. United States, 968 F. Supp. 1519, 1527 (M.D. Ala. 1997), *aff'd*, 253 F.3d 1257 (11th Cir. 2001).

> Dillard v. U.S. Dept. of Justice, No. 2:12-cv-3875-JHH, 2013 WL 754781, at *3 (N.D. Ala. Feb. 25, 2013).

(district court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001).  Plaintiff's claims here are essentially rooted in his belief that federal agencies are secretly engaged in a conspiratorial vendetta against him whereby every otherwise legitimate action taken by any agency—such as the action taken by the Florida Department of Children and Families referenced above—is seen through the lens of this overarching conspiracy that Plaintiff believes exists.

For the same reasons established in these prior cases, the instant complaint fails to establish a cognizable civil rights claim and is therefore legally frivolous.[3]

Accordingly, it respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 19th day of December 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] Additionally, this case falls under the holding that a frivolous dismissal under 28 U.S.C. § 1915 has a res judicata effect upon later frivolous determinations under that statute.  Denton, 504 U.S. at 34, 112 S. Ct. at 1734 ("Because a [frivolous] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations [but] could, however, have a res judicata effect on frivolousness determinations for future in forma pauperis petitions."); *see also* Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994); Hudson v. Hedge, 27 F.3d 274, 276 (7th Cir.), *cert. denied*, 115 S. Ct. 641, 130 L. Ed. 2d 547 (1994).

Case No.: 5:14cv164/RS/EMT